IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TONI BALDWIN,<br><br>          Plaintiff,<br><br><br><br>          vs.<br><br><br><br>FRESENIUS MEDICAL CARE—NORTH AMERICA,<br><br>          Defendant. | **ORDER GRANTING MOTION TO REMAND**<br><br><br><br><br><br>Case No. 1:07-CV-46 |

Before the court is Toni Baldwin's motion to remand (#9).  After a thorough review of the pleadings, and pursuant to 28 U.S.C. § 1447(c), the court GRANTS the motion.

The court must determine whether it has subject matter jurisdiction over this case.[1]  In support of its motion to remand, Baldwin asserts that this court does not have jurisdiction because Fresenius Medical Care failed to timely remove this matter to federal court and failed to establish that Baldwin's claim for damages is in excess of the $75,000 mandated under 28 U.S.C. § 1332.  Fresenius argues that it timely filed a notice of removal because Baldwin has never properly served Fresenius and Fresenius filed its notice of removal within thirty days of first receiving notice of the state court action.  And although Fresenius appears to admit that the complaint and notice of removal may fail to establish that Baldwin's claim for damages meet the

---

[1] 28 U.S.C. § 1447(c).

Case 1:07-cv-00046-PGC   Document 24   Filed 06/22/07   Page 2 of 5

jurisdictional requirement, it nonetheless contends that the court, under 28 U.S.C. § 1653, may

properly consider post-removal affidavits that establish the amount in controversy.  The current

law of the Tenth Circuit, however, prohibits this court from considering post-removal evidence

when determining whether it has subject matter jurisdiction.[2]  In the absence of Fresenius'

affidavits, and because Fresenius has failed to demonstrate the jurisdictional requirement of

$75,000 in the complaint or the notice of removal, the court has no choice but to remand this

case.

The court is required to remand a case that has been removed pursuant to Section 1441 "if

at any time before final judgment it appears that the district court lacks subject matter

jurisdiction."[3]  The court must strictly construe removal statutes, resolving any doubts in favor of

remand.[4]  There is a presumption against the existence of federal jurisdiction and the party

asserting jurisdiction carries the burden to establish that federal jurisdiction exists.[5]  Accordingly,

a party asserting jurisdiction based on diversity has the burden to show that the amount in

controversy exceeds $75,000.[6]  When the amount in controversy cannot be determined by the

allegations of the complaint, the Tenth Circuit requires that the party requesting removal set forth

the underlying facts supporting the amount in controversy in the notice of removal itself.[7]  In

---

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995).

[3] 28 U.S.C. § 1447(c).

[4] *See, e.g., Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[5] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[6] *Laughlin*, 50 F.3d at 873.

[7] *Id.*

other words, the Tenth Circuit does not allow consideration of post-removal evidence when determining jurisdiction.[8]

The Tenth Circuit's position of disregarding post-removal evidence is in direct contrast to many of its sister circuits.[9] Distinguished commentators also contend that the "better rule is that detailed grounds for removal need not be set forth in the [notice of removal]" and that the "cases denying amendment seem unnecessarily grudging in their attitude."[10] Moreover, the Tenth Circuit recently issued an unpublished opinion in which the court allowed the defendant appellee to amend its notice of removal under 28 U.S.C. § 1653 to prove diversity of citizenship.[11] Although this unpublished decision may be an indication of things to come, the current law in the Tenth Circuit, as admitted to by Fresenius and as followed by this court, bars consideration of post-removal evidence when assessing jurisdiction.[12] Consequently, the court has no choice but to disregard the post-removal affidavits submitted by Fresenius.

The question then becomes whether Fresenius has demonstrated the jurisdictional requirement of $75,000 in the complaint or the notice of removal. The court finds that it has not

---

[8] *Id.*

[9] *See Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636 (5th Cir. 2003); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945 (11th Cir. 2000); *Harmon v. OKI Sys.*, 115 F.3d 477 (7th Cir. 1997); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997).

[10] 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (3d ed. 1998).

[11] *Jenkins v. MTGLQ Investors*, Nos. 05-4057, 05-4237 & 05-4287, 06-4051 (CA-10/DU, February 9, 2007).

[12] *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Waldo v. JP Morgan Chase Bank, N.A.*, No. 2:06CV897 (DU, February 1, 2007); *Lichfield v. Int'l Survivors Action Comm.*, No. 2:05CV254 (DU, June 22, 2005); *Kirby v. Teachers Ins. Co.*, No. 2:05CV117 (DU, April 28, 2005).

met this burden.

Fresenius has the burden to show that the complaint or the notice of removal affirmatively establish the requisite amount in controversy.[13]  The Tenth Circuit has interpreted the phrase "affirmatively establish" to require, at a minimum, "that the jurisdictional amount be shown by a preponderance of the evidence."[14]  Baldwin's Amended Complaint does not specify the amount of damages requested (#2).  It provides no basis for the $75,000 requirement.

Because the face of the complaint is not dispositive, the court turns its attention to the notice of removal.  In its notice of removal, Fresenius simply states:

> The Civil Action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 (b), as it is an action between a citizen of a state and a corporate citizen of a foreign state wherein the amount in controversy exceeds $75,000, exclusive of interest and costs.[15]

This bald assertion is not enough to show the jurisdictional amount by the preponderance of the evidence.  In its opposition to Baldwin's motion to remand, Fresenius does not argue that the complaint or the notice of removal show the jurisdictional amount; rather, it asks the court to consider affidavits filed with its opposition.  This is something the court cannot do.  Without the affidavits, the court finds that Fresenius has failed to establish the requisite amount in controversy.  The court has no choice but to remand this case.  Accordingly, the court GRANTS Baldwin's motion to remand (#9).

The court issues this order without having the need to address Baldwin's motions to

---

[13] *Laughlin*, 50 F.3d at 873.

[14] *Martin*, 251 F.3d at 1290.

[15] Notice of Removal ¶ 7 (Docket No. 3).

strike (#18 and #22).  Consequently, the court deems these motions MOOT.

Lastly, section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Although the court granted Baldwin's motion to remand, this statute does not require a grant of attorney fees as a matter of course.[16]  Courts should award attorney fees under this statute "only where the removing party lacked an objectively reasonable basis for seeking removal."[17]  The court finds that Fresenius had an objectively reasonable basis for seeking removal and, therefore, declines to make an award of attorney fees in this case.

SO ORDERED.

DATED this 22nd day of June, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[16] *Martin v. Franklin Capital Corp.* 126 S. Ct. 704, 709 (2005).

[17] *Id.*